[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Keliah Reid, appeals the judgment the Hamilton County Court of Common Pleas sentencing him to consecutive terms of incarceration for two counts of aggravated robbery and one count of felonious assault. Reid was convicted of the offenses following a jury trial.
In a single assignment of error, Reid argues that the trial court erred in imposing consecutive terms of imprisonment because it had failed to make the required statutory findings. We agree.
To impose consecutive terms of imprisonment, the trial court must find that consecutive terms are necessary to protect the public from future crimes or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offenses and to the danger the offender poses to the public.[1] Also, the court must find at least one of the three factors enumerated in R.C. 2929.14(E)(4)(a) through (c) and provide its reasons for imposing consecutive sentences.[2]
In the case at bar, the trial court did not make any findings concerning consecutive sentences. Neither the felony sentencing worksheet nor the transcript of the sentencing hearing includes the necessary findings. Accordingly, we sustain the assignment of error. The trial court's judgment is reversed, and the cause is remanded for resentencing in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] R.C. 2929.14(E)(4).
[2] See State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329,715 N.E.2d 131, 135; State v. Parson (Dec. 22, 2000), Hamilton App. No. C-990404, unreported.